UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       v.

                                                  **DECISION AND ORDER**
                                                            21-CR-190S

DALLAS PORTER,

                    Defendant.

       Defendant Dallas Porter is currently detained at the Chautauqua County Jail pending sentencing following her guilty plea on December 21, 2021, to possessing with intent to distribute, and distributing, fentanyl, in violation of 21 U.S.C. § 841 (a)(1), and possessing with intent to distribute methamphetamine, also in violation of 21 U.S.C. § 841 (a)(1).   (Docket Nos. 35-38.)   Each conviction carries a statutory maximum sentence of 20 years' imprisonment, with an expected Guidelines range of 57 to 71 months' imprisonment.   (Plea Agreement, Docket No. 56, ¶¶ 1, 9.)

       Presently before this Court is Porter's motion for temporary release from custody to attend her mother's funeral proceedings.   (Docket No. 51.)   She seeks an order releasing her to her sister Crystal Lovines's care between the hours of 10:00 a.m. and 3:00 p.m. on Monday, June 27, 2022, to attend the funeral ceremony and interment of ashes in Niagara Falls, New York.   Ms. Lovines is willing to sign a $10,000 signature bond to secure Porter's compliance during her brief release.   The government and United States Probation Office take no position on the motion.

       Porter's custody is governed by 18 U.S.C. § 3143 (a).   With certain exceptions,

the statute generally provides that an individual found guilty of an offense and who is awaiting imposition or execution of sentence be detained, unless the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.   See 18 U.S.C. § 3143 (a)(1).

But a more stringent standard applies to individuals, like Porter, who have been convicted of certain crimes set forth in 18 U.S.C. § 3142 (f)(1)(A)-(C).[1]   See 18 U.S.C. § 3143 (a)(2).   Those individuals must be detained unless the court finds (1) that there is a substantial likelihood that a motion for acquittal or new trial will be granted, *or* (2) that the government recommends that no sentence of imprisonment be imposed, *and* (3) that clear and convincing evidence establishes that the person is not likely to flee or pose a danger to any other person or the community.   18 U.S.C. § 3143 (a)(2) (emphasis added).

Here, there is no showing, let alone a substantial likelihood, that a motion for acquittal or new trial will be granted or that the government is recommending a non-incarceration sentence.   The threshold requirements for release pending sentence under 18 U.S.C. § 3143 (a)(2) are therefore not met.

But this does not entirely foreclose the possibility of release, because 18 U.S.C. § 3145 (c) provides that "[a] person subject to detention pursuant to section 3143 (a)(2) . . ., and who meets the conditions of release set forth in section 3143 (a)(1) . . ., may be ordered released, under appropriate conditions . . . if it is clearly shown that there are

---

1 Porter's convictions under 21 U.S.C. § 841 (a)(1) carry a maximum term of imprisonment of 20 years and therefore fall under 18 U.S.C. § 3142 (f)(1)(C).

exceptional reasons why such person's detention would not be appropriate."   See United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004).   In other words, if it is determined by clear and convincing evidence that an individual subject to detention under § 3143 (a)(2) is not likely to flee or pose a danger to the safety of any other person or the community if released, that individual can be released on conditions under § 3145 (c) if it is further determined that there are exceptional reasons why the individual's detention would be inappropriate.   See Lea, 360 F.3d at 403.   Porter may thus be eligible for release if she can demonstrate that she is not a flight risk or a danger to a person or the community and there are exceptional reasons why her continued detention may not be appropriate.

In the absence of any opposition to Porter's request, and considering the information presently available in combination with Porter's current circumstances as she awaits sentencing, see Docket No. 51, ¶¶ 4 (d) and (e), this Court finds by clear and convincing evidence that Porter is not likely to flee or pose a danger to the safety of any other person or the community if temporarily released to attend her mother's funeral. Moreover, this Court finds that Porter's mother's death and the occurrence of her funeral proceedings while Porter is in custody are exceptional reasons that make Porter's continued custody during those proceedings inappropriate.

Although Porter has previously failed to appear in court as ordered, has been the subject of active warrants, and has committed offenses while under criminal justice supervision, see Detention Order, Docket No. 6, there is no information currently before this Court to suggest that Porter is a present flight risk or poses a danger to a person or the community if temporarily released.   (See Docket No. 51.)   But to ameliorate any

concerns in this regard, this Court will require the posting of a bond and require that Porter at all times remain in the presence of her family members while on temporary release. Porter is further advised that she may face dire sentencing and other consequences if she fails to abide by the conditions of her temporary release or fails to surrender herself back into custody as directed.

Accordingly, having considered Porter's unopposed motion for temporary release to attend her mother's funeral proceedings; and finding authority to grant temporary release under 18 U.S.C. § 3145 (c) on the basis that Porter has demonstrated by clear and convincing evidence that she is neither a flight risk nor a danger to a person or the community and that exceptional reasons exist why her continued detention may not be appropriate; this Court finds that temporary release is warranted and should be granted.

IT HEREBY IS ORDERED, that Defendant's unopposed motion for temporary release (Docket No. 51) is GRANTED, consistent with the Orders below.

FURTHER, that Defendant will be temporarily released on a $10,000 signature bond to the care of her sister, Crystal Lovines, for the sole purpose of attending the funeral proceedings of her mother, Diane Porter.   Those proceedings consist of the funeral ceremony and interment in Niagara Falls, New York.   Defendant Dallas Porter must at all times be in the company of Crystal Lovines or another family member.

FURTHER, that Defendant must provide to her assigned probation officer the name and address of the location(s) where the funeral proceedings will occur and a telephone number at which she can be reached during her temporary release.

FURTHER, that Defendant, Crystal Lovines, and counsel for the parties must appear before the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, on Monday, June 27, 2022, at 9:30 a.m., to effectuate the signature bond and finalize the parameters of Porter's temporary release.

FURTHER, that upon execution of the signature bond and conclusion of proceedings before Judge McCarthy on Monday, June 27, 2022, the United States Marshals Service is ordered to temporarily release Defendant Dallas Porter (USM #30124-509) from its custody to the care of Crystal Lovines.

FURTHER, that Defendant must surrender herself back to the custody of the United States Marshals Service at the Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York, at the conclusion of the funeral proceedings or by 3:00 p.m. on Monday, June 27, 2022, whichever is earlier.

FURTHER, that Defendant is warned that she may face sentencing and other consequences if she fails to abide by the terms of her temporary release or fails to surrender herself back into custody as directed.

SO ORDERED.


Dated:      June 24, 2022
            Buffalo, New York



                                        s/William M. Skretny
                                        WILLIAM SKRETNY
                                        United States District Judge